**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ROBERT COAR,                          :
                                      :      Civil Action No. 06-3956 (DMC)
                   Petitioner,        :
                                      :
              v.                      :      **OPINION**
                                      :
NEW JERSEY ATTORNEY GENERAL,          :
                                      :
                   Respondent.        :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Robert Coar
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**CAVANAUGH**, District Judge

     Petitioner, a convicted and sentenced prisoner confined at
South Woods State Prison in Bridgeton, New Jersey, has submitted
to this Court an Amended Petition for Writ of Habeas Corpus under
28 U.S.C. § 2254.  The named Respondent is the New Jersey
Attorney General.

                    I.   BACKGROUND

     This statement of background facts is taken from the Amended
Petition and is accepted as true for purposes of this Opinion and
accompanying Order.

     According to the Amended Petition, after a jury trial in the
Superior Court of New Jersey, Passaic County, Petitioner was

convicted of Third Degree Endangering the Welfare of a Child, N.J.S.A. 2C:4a, and Second Degree Sexual Assault, N.J.S.A. 2C:14-2b.  On October 1, 1999, Petitioner was sentenced to a term of imprisonment of 14 years.

Petitioner contends that he committed his crimes in 1992 or 1993, and that, therefore, his parole eligibility is governed by the 1979 Parole Act.  On May 21, 2002, Petitioner appeared before the Parole Board Panel at Riverfront State Prison and was given a 29-month parole future eligibility term (FET).  That FET has been appealed through the state courts, and through a petition for writ of habeas corpus in this Court, and is presently the subject of an appeal pending before the U.S. Court of Appeals for the Third Circuit.  See Coar v. McFarland, Civil Action No. 05-2260 (RBK).

On March 19, 2004, Petitioner again appeared before a Parole Board Panel and a second 29-month FET was imposed.  On November 17, 2004, the full Parole Board affirmed the 29-month FET. Petitioner unsuccessfully appealed the Parole Board decision to the Superior Court of New Jersey, Appellate Division, and the Supreme Court of New Jersey.  This Petition followed.  Here, Petitioner contends that his constitutional rights to due process and equal protection are being violated by a misapplication of New Jersey parole statutes.

In his original Petition, Petitioner named as the sole respondent the New Jersey State Parole Board.  By Opinion and Order [2] entered October 20, 2006, this Court found that the New Jersey State Parole Board was not a proper respondent and granted Petitioner 30 days to file an amended petition naming a proper respondent, or clarify his custody status if he contended that the New Jersey State Parole Board was a proper respondent, or face dismissal without prejudice for failure to name an indispensable party.

Petitioner has filed an Amended Petition naming as the sole respondent the New Jersey Attorney General.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

3

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.   ANALYSIS

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  Specifically with respect to § 2254 petitions, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  The Advisory Notes to Rule 2 explain further that "[if] the applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking[, the] named respondent shall be the state officer who has official custody of the petitioner (for example, the warden

4

of the prison)."  Rules Governing § 2254 Cases, Rule 2(a),

Advisory Committee Notes (1976 Adoption).

"[T]hese provisions contemplate a proceeding against some

person who has the <u>immediate</u> <u>custody</u> of the party detained, with

the power to produce the body of such party before the court or

judge, that he may be liberated if no sufficient reason is shown

to the contrary."  <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885)

(emphasis added).

> In accord with the statutory language and <u>Wales</u>'
> immediate custodian rule, longstanding practice
> confirms that in habeas challenges to present physical
> confinement – "core challenges" – the default rule is
> that the proper respondent is the warden of the
> facility where the prisoner is being held, not the
> Attorney General or some other remote supervisory
> official.
>
> . . .
>
> ... [I]dentification of the party exercising legal
> control only comes into play when there is no immediate
> physical custodian with respect to the challenged
> "custody."  In challenges to present physical
> confinement, we reaffirm that the immediate custodian,
> not a supervisory official who exercises legal control,
> is the proper respondent.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435, 439 (2004) (citations

omitted).[1]

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open
question whether the Attorney General is a proper respondent to a
habeas petition filed by an alien detained pending deportation
and (2) the implicit exception to the immediate custodian rule in
the military context where an American citizen is detained
outside the territorial jurisdiction of any district court.  542
U.S. at 435-36, n.8, 9.  Neither of these potential exceptions to
the general rule is raised by this Petition.

Similarly, in the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

6

A federal court may raise, <u>sua</u> <u>sponte</u> the issue whether the Petitioner has named the proper respondent.  <u>See</u> <u>Barry v. Bergen County Probation Department</u>, 128 F.3d 152, 162-63 (3d Cir. 1997), <u>cert. denied</u>, 522 U.S. 1136 (1998).

Under the circumstances of this case, where Petitioner is challenging his present physical custody, the warden of the facility where he is held is an indispensable party respondent, for want of whose presence the Petition must be dismissed.  <u>See</u>, <u>e.g.</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359 (9th Cir. 1994).[2]

IV.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

---

[2] As this Court has previously granted Petitioner leave to amend to name a proper respondent, this Court will dismiss the Petition rather than grant leave to amend a second time.  <u>Cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to <u>pro</u> <u>se</u> litigants.").

to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice. No certificate of appealability shall issue. An appropriate order follows.

Dennis M. Cavanaugh
United States District Judge

Dated: 4/2/07

8